CARTER v. DuPRE.

1. A contract for rent of a farm carries with it, under the statute (16 *Stat.* 411), a lien on the tenant's crop for the payment of the rent, without an express agreement that there shall be a lien.
2. A wife, holding a preferred lien for rent on the crops made by her husband on lands leased by him from her, is not estopped from asserting her lien, as against a second lien for supplies, by reason of her signing a first lien for supplies (inferior to her rent lien) given by her husband, or because of payments made by him on such first lien for supplies, and to other persons.
3. Cotton delivered by this tenant to the landlord for rent having been seized under legal process at the instance of the holders of the latest lien, the landlord is entitled to recover from the sheriff the highest value of the cotton at any time between the seizure and trial, with interest from the date of seizure.

---

Before KERSHAW, J., Abbeville, February, 1881.

Action by Amanda B. Carter against J. F. C. DuPre, commenced December 29th, 1879. The opinion fully states the case,

but it may properly be added that the cotton made on the leased premises, according to the testimony, was eight bales, exclusive of the seed cotton seized by the sheriff; and that the brief does not show that the presiding judge was ever requested to charge the propositions stated in the second, third, fourth and fifth exceptions.

*Messrs. Burt & Graydon,* for appellant.

*Messrs. Noble & Noble,* contra.

October 21st, 1882. The opinion of the court was delivered by MR. JUSTICE McGOWAN. This action was brought by Amanda B. Carter against the defendant, sheriff of Abbeville county, for seizing 2,320 pounds of cotton in the seed, claimed to be her property. It seems that the plaintiff is the wife of Samuel E. Carter and the mother of Charles P. Carter, who lived in the house with his parents; that she claimed title to the land on which the cotton was made, and that she had rented it verbally to her husband, Samuel E. Carter, for the year 1879, for two bales of cotton.

On February 9th, 1879, Samuel E. Carter and his wife, the plaintiff, executed to John Knox an agricultural lien for guanos, provisions and other supplies to the amount of $150, and at the foot of the paper Mrs. Carter stipulated as follows: "I hereby agree that John Knox shall collect the above lien before I demand my rent." On March 6th, 1879, Samuel E. Carter and Charles P. Carter executed to George W. Williams & Co. an agricultural lien for $123.50, to be paid in cotton made on the place, for fertilizers. Under this junior lien George W. Williams & Co. issued an agricultural warrant, and had the cotton in question seized by the sheriff, and the plaintiff, alleging that the cotton had been delivered to her in payment of her lien for rent as landlord, brought this action for the cotton.

The real defendants are George W. Williams & Co., though the sheriff answered and put in a general denial. They denied that the plaintiff had rented the lands to her husband, or that she had any title to the cotton; but if so, they insisted that she was estopped from claiming it, for the reason that she had allowed

Knox to be paid first out of the cotton made on the place, and having done so it was inequitable in her to claim the little balance for her rent to the exclusion of their lien. The case came on to be heard before Judge Kershaw, who charged the jury: " That there must be a contract of renting, either written or verbal, between the landlord and tenant, before the landlord can have a lien for rent; that the plaintiff was not estopped from claiming the cotton in suit as rent by signing the lien to John Knox; that if Samuel E. Carter had delivered the cotton in suit to the plaintiff in payment of rent due, the jury must find a verdict for her, and that if so, the measure of damages was the highest value of the cotton sold at any time between the seizure and the trial, with interest from the date of seizure."

The jury found, for the plaintiff, the sum of $102.05, and the defendants appeal to this court upon the following grounds :

1. " Because the presiding judge erred in refusing to charge that there must be a contract, either written or verbal, between the landlord and tenant, for a lien upon the crop of the tenant, before the landlord can have a lien for rent such as will displace the rights of other lien creditors.

2. " Because the presiding judge erred in refusing to charge that the plaintiff was estopped from claiming the cotton in suit as rent by signing the lien of her husband, her alleged tenant, to John Knox for supplies.

3. " Because the judge erred in refusing to charge that the plaintiff was estopped from claiming the cotton in suit as rent by paying out of the crop the account of her husband and son with said John Knox, although in said accounts there were charges for whiskey and tobacco and other articles not agricultural supplies, and although her son had even given said John Knox a lien for supplies.

4. " Because the judge erred in refusing to charge that the plaintiff was estopped, or might be estopped, from claiming the cotton in suit as rent by allowing her husband and her son to sell cotton on the place, receive the money and use it, if they found as matter of fact that she allowed them to do so.

5. " Because the judge erred in refusing to charge that the plaintiff was estopped from claiming the cotton in suit as rent

by paying out of the crop the account of her husband and son with the said John Knox, contracted after the crop had been made and 'laid by,' and some of it after the crop had been gathered.

6. "Because the judge erred in charging the jury that if Samuel E. Carter had delivered to the plaintiff the cotton in suit, they must find a verdict for her, although, according to her own testimony, half the cotton was in the field at the time the levy was made, and although the defendant had made a levy under a valid lien, which was not disputed.

7. "Because the judge erred in charging that the measure of damages was the highest value of the cotton sold at any time between the seizure and the trial, although the defendant had in good faith paid for the picking and ginning, and expended money in good faith for the bagging and ties which went to make up the proceeds of sale, and although the plaintiff consented to the ginning and selling."

Much evidence upon questions of fact is printed in the brief, but this being a law case tried by a jury, this court has no right to consider the proper force and effect of that evidence. We are limited to the inquiry whether there was error of law in the charge of the judge.

As to the first exception there seems to be some misapprehension. The judge did charge "that there must be a contract of renting, either written or verbal, between the landlord and tenant before the landlord can have a lien for rent." But if it is meant that the judge should have charged that there must be an express contract also for a lien to secure it, we agree with the judge that no such contract was necessary. As between landlord and tenant the contract for rent once established, *proprio vigore*, gives the lien by force of the statute, which declares, "that each landlord leasing lands for agricultural purposes, shall have a prior and preferred lien for rent to the extent of one-third of all crops raised on his lands and enforceable in the same manner as liens for advances, which said lien shall be valid without recording or filing. 16 *Stat.* 411 ; *Kennedy* v. *Reams*, 15 *S. C.* 550.

Exceptions 2, 3, 4 and 5, upon the subject of estoppel, will be considered together. It is claimed that as against George W.

Williams & Co., the plaintiff should be estopped from claiming this cotton as her rent, for the reason that she allowed Knox to be first paid, and in other ways allowed the crops subject to the liens to be disposed of and reduced to the remnant in controversy, which is not enough for both. We cannot say that the judge erred in refusing so to charge. This is not a case for the application of the principle of estoppel. As we understand it, the doctrine of estoppel by conduct "is where one party has been induced by the conduct of the other to do or forbear doing something which he would not or would have done but for such conduct of the other party. The conduct which is claimed to operate as an estoppel must have induced action the disavowal of which would be inequitable." *Bull* v. *Rowe*, 13 *S. C.* 370.

Let us apply this rule. What action of George W. Williams & Co. was induced by the conduct of Mrs. Carter in waiving her claim for rent so far as Knox was concerned? She did not sign the lien of the defendants, and had no relation to them which placed her under obligations to husband the crop for their benefit. She had a lien for rent, which she had a right to waive in favor of Knox, and not in favor of George W. Williams & Co. Besides, as the lien of the defendants was junior to the other liens, and, as we suppose, was last registered, it may be that they had notice of the agreement of Mrs. Carter to give way to Knox; but, however that may be, both the liens of the plaintiff and Knox were superior to that of the defendants, and we cannot see that they were induced to take any step by the conduct of the plaintiff, which is complained of.

The jury were instructed that if the cotton had been delivered by Samuel E. Carter to the plaintiff in payment of rent due her, then she was entitled to recover; but he left it to the jury to say whether the cotton had been so delivered. In the view that it had been so delivered to her, it was a trespass to take it even under legal process, and she was not only entitled to recover, but to recover such damages as were recoverable in an action of trespass or trover. "In trover, the jury is not limited to find the mere value of the property at the time of conversion, but may find, as damages, the value at a subsequent time at their discretion." 3 *Steph. N. P.* 2711. The jury may give the

highest value up to the time of trial. *Kid* v. *Mitchell*, 1 *N. & McC.* 334. In *Burney* v. *Pledger*, 3 *Rich.* 191, Judge O'Neall says: "That the plaintiff is entitled to recover for the value of the property, at the time of the trial, with interest, or for the value of the property at the time of the trial, with hire from the conversion, as may be most beneficial." And in *Rogers* v. *Randall*, 2 *Spears* 38, it was held that the jury have a discretion between the highest and lowest estimates. *Harley* v. *Platts*, 6 *Rich.* 318.

The judgment of this court is that the judgment of the Circuit Court be affirmed.